UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
```

ADRIANO GIANNETTI DEDINI OMETTO
and ADRIANO OMETTO AGRÍCOLA
LTDA.,

                            Petitioners,

        vs.

ASA BIOENERGY HOLDING A.G.;
ABENGOA BIOENERGIA AGRÍCOLA
LTDA.; ABENGOA BIOENERGIA SÃO
JOÃO LTDA.; ABENGOA BIOENERGIA
SÃO LUIZ S.A.; and ABENGOA
BIOENERGIA SANTA FÉ LTDA.,

                            Respondents.

```
-----------------------------------------------------------x
```

Civil Action No.: 12 Civ. 1328 (JSR)

Removed From:

Supreme Court of the State of New York,
County of New York
Index No. 650113/2012

## DECLARATION OF INIGO QUINTANA

    I, **Íñigo Quintana**, hereby declare:

    1.    I am a partner of the Spanish law firm Cuatrecasas, Gonçalves Pereira, and am a member in good standing of the Bars of Vizcaya and Madrid, Spain. I am fluent in English.

    2.    I represented Respondent ASA Bioenergy Holding A.G. ("ASA") and each of the four Co-Respondents throughout the ICC arbitrations between the parties hereto (being ICC case no. 16176/JRF/CA and ICC case no. 16513/JRF/CA). The arbitration awards issued in these two arbitrations (the "First Award" and the "Second Award," together, the "Awards") are each dated November 21, 2011, and underlie the proceedings before this Court. All of the Respondents belong to the Spain-based group of companies controlled by Abengoa S.A. ("Abengoa").[1]

---

[1] For ease of reference, all Abengoa entities are referred to herein collectively as "Abengoa."

3.      I submit this Declaration in support of Abengoa's Motion to Confirm Arbitration Awards and in Opposition to Ometto's Motion to Vacate Arbitration Awards, dated March 23, 2012.[2]

## I.      DOCUMENTS PROVIDED WITH THIS DECLARATION

4.      Attached hereto are true and correct copies of the following documents:

a.      The First Award (**Exhibit 1**);

b.      The Second Award (**Exhibit 2**);

c.      Contrato de Compra e Venda de Quotas (the parties' Share Purchase Agreement or "SPA") regarding the sale by Ometto to ASA of a group of Brazilian sugar and ethanol companies (the "Companies, ASA's Co-Respondents in this action), in its original Portuguese and in English-language translation, dated August 4, 2007 (**Exhibit 3**);

d.      Excerpted pages from "Confidential Information Memorandum," dated April 23, 2007, provided by Ometto to Abengoa at the outset of the negotiations for the sale of the Companies (pp. 1, 59, 62 and 63) (**Exhibit 4**);

e.      Excerpted pages from Ometto's management presentation to Abengoa dated June 14, 2007 (pp. 1 and 23) (**Exhibit 5**);

f.      Excerpted pages from the explanatory notes to the consolidated financial statements of the Companies, for the financial year ending April 30, 2007, in Portuguese original and in English-language translation (pp. 13-14 to Schedule D to the SPA) (**Exhibit 6**);

---

[2] For ease of reference, Co-Petitioners Adriano Gianetti Dedini Ometto and Adriano Ometto Agrícola Ltda. are referred to herein collectively as "Ometto."

g.      David Rivkin's resume, as attached to his ICC Arbitrator Statement of Acceptance in the Second Arbitration, dated May 20, 2010 (**Exhibit 7**);

h.      David Rivkin's internet profile as printed from Debevoise & Plimpton's website on March 20, 2012 (**Exhibit 8**);

i.      Guillermo Aguilar-Alvarez' resume, as attached to his ICC Arbitrator Statement of Acceptance in the Second Arbitration, dated August 12, 2009, (**Exhibit 9**);

j.      José Emilio Nunes Pinto's resume, as attached to his ICC Arbitrator Statement of Acceptance in the Second Arbitration, dated May 10, 2010 (**Exhibit 10**);

k.      Excerpt from the transcript of the oral hearing held in the arbitration on December 17, 2010 (**Exhibit 11**);

l.      Excerpt from legal commentary by Michael W. Bühler and Thomas H. Webster, in "Handbook of ICC Arbitration" (2nd ed. 2008), regarding the ICC Court's scrutiny procedures under Article 27 of the ICC Rules (**Exhibit 12**);

m.      ICC Rules of Arbitration (1998), including Article 6 of the Internal Rules of the International Court of Arbitration (Appendix II to the ICC Rules) (**Exhibit 13**);

n.      Letter from Edward T. Schorr to the ICC Secretariat, dated December 21, 2011, regarding Mr. Rivkin (**Exhibit 14**);

o.      Letter from Mr. Rivkin to the ICC Court, dated January 8, 2012, confirming his independence and impartiality, as well as his lack of knowledge of alleged connections between Abengoa and Debevoise (**Exhibit 15**);

p.      Letter from Mr. Schorr to the ICC Secretariat, dated December 27, 2011, challenging Mr. Rivkin under Article 11 of the ICC Rules (**Exhibit 16**);

q.      Letter from Mr. Schorr to the ICC Secretariat, dated December 27, 2011, requesting a correction of the Awards pursuant to Article 29 of the ICC Rules (**Exhibit 17**);

r.      Email from Mr. Rivkin to the ICC Secretariat, dated January 26, 2012, reaffirming his independence and impartiality, but offering his resignation in relation to Ometto's application for correction under Article 29 of the ICC Rules (**Exhibit 18**);

s.      Emails of Mr. Rivkin's Co-Arbitrators, Messrs. Aguilar-Alvarez and Nunes Pinto, each dated January 9, 2012, confirming Mr. Rivkin's independence and impartiality (**Exhibit 19**);

t.      Letters from the ICC Secretariat, dated February 23, 2012, accepting Mr. Rivkin's resignation (**Exhibit 20**);

u.      Letter from Mr. Schorr to the ICC Secretariat dated January 13, 2012, responding to the Arbitral Tribunal's and Abengoa's comments on Ometto's challenge of Mr. Rivkin (**Exhibit 21**);

v.      Abengoa press release dated October 4, 2011 (**Exhibit 22**);

w.      Printout from Abengoa's website setting forth Abengoa's significant shareholdings by rights of vote (including Inversión Corporative IC, S.A. at 49.40 %, Finarpisa, S.A. at 6.02% interest, and First Reserve at 0.19% interest) (March 22, 2012) (**Exhibit 23**);

x.      Excerpted pages from the Model Credit Agreement of the Loan Syndications and Trading Association (introductory pages and p. 21) (**Exhibit 24**);

y.     Excerpt from Maria Helena Diniz, "Treatise of Civil Law" (25th ed. 2008) and Decision no. 422.593.4/7-00 by the State Court of São Paulo, Brazil, each in Portuguese original and in English-language translation, as submitted in the First Arbitration as Exhibit CA (**Exhibit 25**);

z.     Excerpt from Judith Martins-Costa, "An Aspect of the Obligation to Indemnify: Notes for the Regulation of Precontractual Duties in Brazilian Civil Legislation," in Estudios em Homenagem ao Prof. Arnoldo (2007) Wald in Portuguese original and in English-language translation, as submitted in the Second Arbitration, as Exhibit CA-47, by letter dated April 25, 2011 (**Exhibit 26**);

aa.     Procedural Order No. 8 in the First Arbitration, dated July 2, 2010, ordering, among other things, Ometto to return to Abengoa two privileged emails (**Exhibit 27**);

bb.     Article 944 of the Brazilian Civil Code and accompanying English-language translation (**Exhibit 28**);

cc.     Article 422 of the Brazilian Civil Code and accompanying English-language translation (**Exhibit 29**);

dd.     Article 187 of the Brazilian Civil Code and accompanying English-language translation (**Exhibit 30**);

ee.     Ometto's letter brief to the Tribunal in support of application to introduce privileged emails, dated June 11, 2010 (**Exhibit 31**);

ff.     Ometto's reply letter brief in further support of his application to introduce privileged emails, dated June 28, 2010 (**Exhibit 32**).

## II.    ADDITIONAL INFORMATION

### A.    The Parties' Written and Oral Submissions in the Arbitrations

5.      The proceedings in the two Arbitrations were extensive.

6.      <u>Pre-hearing</u>, the parties submitted substantive documents in the two Arbitrations, as follows:

- 12 written memorials, of which each party submitted a total of 6 (with each party submitting 3 in each of the two Arbitrations);

- 470 factual exhibits, of which Abengoa submitted 316 and Ometto 154;

- 189 legal exhibits, of which Abengoa submitted 99 and Ometto 90;

- 41 witness statements, of which Abengoa submitted 19 (prepared by 16 fact witnesses) and Ometto 22 (prepared by 9 fact witnesses); and

- 36 expert reports, of which Abengoa submitted 27 and Ometto 9.

7.      In addition, the parties also briefed a number of procedural motions before the Tribunals.

8.      <u>At the oral hearings</u>, which were conducted concurrently from December 8 to December 17, 2010 at the office of Debevoise & Plimpton LLP in New York City, the Tribunals took extensive fact and witness testimony, with counsel having the opportunity to cross-examine all witnesses.  The following witnesses testified at the hearings:

- 19 fact witnesses, of which Abengoa had nominated 11, and Ometto 8;

- 13 expert witnesses, of which Abengoa had nominated 7 and Ometto 6.

9.      The hearing transcript of the oral hearings has more than 2150 pages.

10.     <u>Post-hearing</u>, the parties exchanged two rounds of post-hearing briefs in each of the Arbitrations, as well as several letter briefs in response to specific questions raised by the Tribunals.

### C.      The Arbitral Awards

11.      The Tribunals issued their two Awards on November 22, 2011.  Each member of the Tribunals signed the Awards, and no arbitrator submitted a separate dissenting opinion.  The two Awards are in full compliance with the ICC Rules and New York arbitration law.  They were formally approved by the ICC Court after having been reviewed by the ICC Secretariat and the ICC Court in accordance with the scrutiny procedures under Article 27 of the ICC Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2012

_____
Íñigo Quintana