UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- X
:
ADRIANO GIANNETTI DEDINI OMETTO and :
ADRIANO OMETTO AGRÍCOLA LTDA., :  12 Civ. 1328 (JSR)
           Petitioners, :
:
    v. : PROTECTIVE ORDER
: REGARDING CONFIDENTIALITY
ASA BIOENERGY HOLDING A.G., ABENGOA : OF DOCUMENTS AND OTHER
BIOENERGIA AGRÍCOLA LTDA., ABENGOA : INFORMATION PRODUCED IN
BIOENERGIA SÃO JOÃO LTDA., ABENGOA : DISCOVERY BY DEBEVOISE &
BIOENERGIA SÃO LUIZ S.A., and ABENGOA : PLIMPTON LLP
BIOENERGIA SANTA FÉ LTDA., :
           Respondents. :
------------------------------- X

JED S. RAKOFF, U.S.D.J.

     WHEREAS, Debevoise & Plimpton LLP (the "Producing Party") is a non-party to this action and has been called upon to produce certain documents;

     WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing this action, it is therefore hereby

     ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from the Producing Party any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Producing Party may designate as Confidential only such portion of such material as consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b) previously nondisclosed material relating to ownership or control of any non-public company;

    (c) previously nondisclosed business plans, product development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual;

    (e) any information relating to attorney-client relationships, including payment of work for legal services;

    (f) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion.

4. Confidential Material, whether or not ultimately made part of the public record, shall be used by the Parties solely for purposes of the above-captioned litigation, including any appeals, and for no other business, litigation or other purpose whatsoever; provided, however, that nothing herein shall constitute a waiver of any Party's right to file an application with the Court for leave to use Confidential Material in ICC Arbitrations 16176/JRF/CA & 16513/JRF/CA.

5. The Producing Party shall mark any documents and/or information designated as Confidential Material by means of the legend "CONFIDENTIAL" on each page so designated in a manner that will not interfere with legibility or audibility, and also produce for future public use another copy of said Discovery Material with the confidential information redacted.

6. If at any time prior to the evidentiary hearing in this action, the Producing Party realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

3

7. No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

    (a)     the parties to this action;

    (b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d)     any witness who counsel for a party in good faith believes may be called to testify in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)     any attorney or other person retained by a party to serve as an expert witness, consultant, or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f)     stenographers engaged to transcribe depositions conducted in this action; and

    (g)     the Court and its support personnel.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in

the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify or at the conclusion of the case, whichever comes first.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

10. Any party or Producing Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the evidentiary hearing in this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at the evidentiary hearing, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document

submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If the Producing Party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.     The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

19.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: July 10, 2012

                                                DEBEVOISE & PLIMPTON LLP

                                                By: _____
                                                Mark W. Friedman
                                                919 Third Avenue
                                                New York, New York 10022
                                                Tel. 212-909-6034
                                                Fax. 212-909-6836
                                                mwfriedman@debevoise.com

                                                *Attorneys for Debevoise & Plimpton LLP*

DECHERT LLP

By: *(signature)*
Dennis H. Hranitzky
1095 Avenue of Americas
New York, New York 10036
Tel. 212-698-3500
Fax. 212-698-3599
dennis.hranitzky@dechert.com

Stuart T. Steinberg
Karen C. Daly
Circa Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel. 215-994-4000
Fax. 215-994-2222

*Attorneys for Petitioners*

HOGAN LOVELLS LLP

By: *(signature)*
Edward T. Schorr
Andrew M. Behrman
Derek J. Craig
875 Third Avenue
New York, NY 10022
Tel. 212-918-3000
Fax. 212-918-3100
Edward.schorr@hoganlovells.com

*Attorneys for Petitioners*

8

SHERMAN & STERLING LLP

By: _____
Henry Weisburg
Fernando Mantilla-Serrano
Anna Tevini (admitted only in Germany)
Yarden Gershony
Andrew Rodgers
599 Lexington Avenue
New York, NY 10022-6069
Tel. 212-848-4000
Fax. 646 848-4000
Email: hweisburg@sherman.com

*Attorneys for Respondents*

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
July 11, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
                                    :
ADRIANO GIANNETTI DEDINI OMETTO and :
ADRIANO OMETTO AGRÍCOLA LTDA.,      :
                  Petitioners,      :       12 Civ. 1328 (JSR)
                                    :
         v.                         :       Non-Disclosure Agreement
                                    :
ASA BIOENERGY HOLDING A.G., ABENGOA :
BIOENERGIA AGRÍCOLA LTDA., ABENGOA  :
BIOENERGIA SÃO JOÃO LTDA., ABENGOA  :
BIOENERGIA SÃO LUIZ S.A., and ABENGOA :
BIOENERGIA SANTA FÉ LTDA.,          :
                  Respondents.      :
------------------------------------X

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: